**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JEFFERY CHARLES ELMORE,**                                            **PLAINTIFF**
**ADC # 91418**

**V.**                    **CASE NO. 5:12CV00325-DPM-BD**

**WENDY KELLY,** *et al.*                                                 **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.    Background:**

Jeffrey Charles Elmore, an Arkansas Department of Correction ("ADC") inmate, filed this action under 42 U.S.C. § 1983, alleging that Defendant Wendy Kelley and others acted with deliberate indifference to his medical needs by failing to treat his scabies. This Court has already recommended granting summary judgment in favor of Defendants Jennifer McBride, Amanda McLean, Connie Hubbard, Jacqueline Carswell, Dr. Ojiugo Iko, and Andria Cantrell. (Docket entry #113) Ms. Kelley has now moved for summary judgment. (Docket entry #115) Mr. Elmore has not responded to Ms. Kelley's motion. Based on the undisputed evidence and settled law, Ms. Kelley is entitled to summary judgment, along with all other Defendants.

**III.   Facts:**

For six months, medical staff at the Varner Unit of the ADC treated Mr. Elmore for a rash. (#97-1 at p. 14) After treatment for several other conditions proved unsuccessful, Dr. Iko finally determined that Mr. Elmore had scabies. She then prescribed the remedy that finally cured him.[1] (#97-2 at pp. 84-85)

---

[1] For a detailed account of the treatment Mr. Elmore received at the infirmary, see section III of docket entry #113.

During the relevant time period, Defendant Kelley was a Deputy Director of the ADC working in the ADC's Central Office in Pine Bluff, Arkansas. (#97-2 at pp. 50-51) As a part of her job, Ms. Kelly investigated Mr. Elmore's medical grievances. (#2 at pp. 49, 54, 58, 62, 79, 83, 87, 98; #2-1 at pp. 2, 7, 21, 30, 35, 40, #97-2 at pp. 74-75) Ms. Kelley is not a physician, and she never examined or treated Mr. Elmore. (#97-2 at pp. 77-78) She did not know that Mr. Elmore had scabies until after Dr. Iko's diagnosis. (*Id.*)

**IV.** **Discussion:**

    A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). When a plaintiff cannot come forward with enough evidence to establish a necessary element of his claim, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Sovereign Immunity

Mr. Elmore's claims for money damages from Defendant Kelly in her official capacity are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Official-capacity claims against Ms. Kelley for money damages should be dismissed based on sovereign immunity.

C.   Deliberate Indifference

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  To show a failure to provide adequate medical treatment, Mr. Elmore must prove that he suffered from an objectively serious medical need, and that the named Defendants "knew of the need yet deliberately disregarded it." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).

Leaving aside whether scabies is a serious medical need, an inmate cannot create a triable issue of fact by responding that he feels more should have been done. *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997).  Neither disagreement with treatment decisions nor gross negligence rises to the level of a constitutional issue. *Pietrafeso v. Lawrence County, S.D.*, 452 F.3d 978, 983 (8th Cir. 2006).

Here, Mr. Elmore complains that Defendant Kelley should have required the infirmary staff to refer him to an outside physician so that he could have recovered more quickly.  (#97-2 at pp. 76-81)  At his deposition, Mr. Elmore conceded that Ms. Kelley is not a physician, that she never examined him, and that she did not know he had scabies until after Dr. Iko made the diagnosis.  (#97-2 at pp. 77-78)

A medical-indifference claim can be brought only against an individual who was directly responsible for the inmate's medical care.  See *Keeper v. King*, 130 F.3d 1309,

1314 (8th Cir.1997). There is no dispute about Ms. Kelley's involvement. She was not directly responsible for Mr. Elmore's medical care.

In any event, the medical care provided to Mr. Elmore by the infirmary staff was reasonable in light of his complaints and his medical history. (#97-3 at pp. 1, 4) His medical record establishes that he received continuous care and that he was regularly treated in the infirmary until scabies was diagnosed and cured. (#97-1)

Ms. Kelley is not liable under § 1983 based on her response to Mr. Elmore's grievances. Mr. Elmore might not have been pleased with her responses to his grievances, but her responses are insufficient to establish liability under § 1983.

To the extent that Mr. Elmore's claims against Ms. Kelley rest on her position as a Deputy Director of the ADC, he cannot win. In a § 1983 action, a supervisor is not liable based on violations of a subordinate, unless the supervisor was personally involved in the violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); and *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").

Mr. Elmore has not come forward with any facts to support his allegation that Defendant Kelley was involved in any medical decision relating to his skin condition. His deliberate-indifference claim against Ms. Kelley cannot succeed.

V.      **Conclusion:**

The Court recommends that Defendant Wendy Kelley's motion for summary judgment (#115) be GRANTED, and that the case be dismissed with prejudice.[2]

DATED this 17th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Dismissal is appropriate only if both this Recommendation and the Partial Report and Recommendation issued on November 14, 2013 (#113) are adopted.